**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| AUSBERTO DAVILA, | : | **Hon. Renée Marie Bumb** |
| Petitioner, | : | Civil No. 08-3670 (RMB) |
| v. | : | |
| JOHN GRONDOLSKY, | : | **OPINION** |
| Respondent. | : | |

**APPEARANCES**:

    AUSBERTO DAVILA, #56996-066
    F.C.I. Fort Dix
    P.O. Box 2000
    Fort Dix, New Jersey 08640
    Petitioner Pro Se

**BUMB**, District Judge

Ausberto Davila, a prisoner confined at the Federal Correctional Institution at Fort Dix, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging his federal sentence of 132 months that was imposed by the United States District Court for the Eastern District of Pennsylvania. Having thoroughly reviewed the Petition, as well as the docket in the underlying criminal proceeding, this Court will summarily dismiss the Petition for lack of jurisdiction.

**I. BACKGROUND**

Petitioner challenges the fact that the sentencing court ordered the 36-month sentence imposed for violation of 18 U.S.C.

§ 924(c)(1), to run consecutively to the concurrent 96-month sentences imposed on courts one, three, and five for conspiracy to distribute and to possess with intent to distribute heroin and cocaine, distribution of cocaine, possession with intent distribute cocaine, and possession with intent to distribute heroin.

On March 19, 2003, the United States filed a five court indictment against Petitioner in the United States District Court for the Eastern District of Pennsylvania.  See United States v. Davila, Crim. No. 03-0185-JKG-1 (E.D. Pa. filed March 19, 2003). On March 18, 2004, based on Petitioner's guilty plea to counts one through five, United States District Judge James Knoll Gardner sentenced Petitioner to 96-month concurrent terms of imprisonment on each of the four drug charges, and to a 36-month consecutive term of imprisonment for possession of a firearm in furtherance of a drug trafficking felony, see 18 U.S.C. § 924(c)(1).  Id. judgment (E.D. Pa. March 18, 2004).  On April 27, 2004, Petitioner filed a notice of appeal.  On May 2, 2008, the United States Court of Appeals for the Third Circuit remanded the notice of appeal to the District Court to consider whether it should be treated as a motion for extension of time pursuant to Fed. R. App. P. 4(b)(4), ordered the parties to advise the Court within 10 days of a decision by the District Court, and indicated that the appeal would proceed to briefing if the District Court

were to grant the extension and will be dismissed if the District Court were to deny the extension.  The Court of Appeals retained jurisdiction.  See United States v. Davila, No. 07-4183 order (3d Cir. May 2, 2008).

Petitioner filed a pro se motion to vacate, set aside or correct the sentence in the sentencing court on March 9, 2005, and an amended motion on February 23, 2006.[1]  See United States v. Davila, Crim. No. 03-0185-JKG-1 motion (E.D. Pa. March 9, 2005).  By order entered February 26, 2008, Judge Gardner ordered that the § 2255 motion be held in abeyance pending resolution of the appeal before th United States Court of Appeals.  Id. order (Feb. 25, 2008).

Petitioner, who is confined at FCI Fort Dix, executed the § 2241 Petition presently before this Court on July 17, 2008.  The Clerk received it on July 22, 2008.  Petitioner challenges his federal sentence under 28 U.S.C. § 2241 on one ground:

> Ground One: THE DISTRICT COURT ERRED WHEN [IT] IMPOSED A CONSECUTIVE SENTENCE AGAINST PETITIONER.
>
> Supporting FACTS: United States v. Whitley, 2d Cir., No. 06-0131-cr 6/16/08.  The federal law that mandates a consecutive sentence for a defendant's use or possession of a firearm

---

[1] The amended § 2255 motion raises three grounds: (1) defense counsel was constitutionally ineffective for failing to preserve the Booker issue; (2) defense counsel ineffectively failed to challenge the drug quantity of 4.5 kilograms; (3) the sentencing enhancements are unconstitutional under Booker and Blakely.

> during certain offenses, 18 U.S.C. §
> 924(c)(1)(A), does not apply when the
> defendant is also subject to a higher but
> potentially concurrent minimum penalty by
> another statute. See Attached Exhibit (A).

(Pet. ¶ 10.a.) In Exhibit A, Petitioner indicates that, as of June 26, 2008, Petitioner has served his 96-month sentence, and that he is being illegally detained after that date.

## II. DISCUSSION

A. Jurisdiction

   Section 2241 of Title 28 of the United States Code provides in relevant part:

> (c) The writ of habeas corpus shall not
> extend to a prisoner unless- . . . He is in
> custody in violation of the Constitution or
> laws or treaties of the United States.

28 U.S.C. § 2241(c)(3).

   As a result of the practical difficulties encountered in hearing a challenge to a federal sentence in the district of confinement rather than the district of sentence, in its 1948 revision of the Judicial Code, Congress established a procedure whereby a federal prisoner might collaterally attack his sentence in the sentencing court. See 28 U.S.C. § 2255; Davis v. United States, 417 U.S. 333, 343-44 (1974); United States v. Hayman, 342 U.S. 205, 219 (1952). Section 2255 provides in relevant part:

> A prisoner in custody under sentence of a
> court established by Act of Congress claiming
> the right to be released upon the ground that
> the sentence was imposed in violation of the
> Constitution or laws of the United States, or

> that the court was without jurisdiction to
> impose such sentence, or that the sentence
> was in excess of the maximum authorized by
> law, or is otherwise subject to collateral
> attack, may move the court which imposed the
> sentence to vacate, set aside or correct the
> sentence.

28 U.S.C. § 2255, ¶ 1.

Section 2255 prohibits a second or successive motion under § 2255 unless the Court of Appeals having jurisdiction over the sentencing court certifies that (1) the motion is based on newly discovered evidence sufficient to establish that no reasonable factfinder would have found the movant guilty or (2) the motion pertains to a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.  28 U.S.C. §§ 2255, 2244(b).

Generally, a challenge to the validity of a federal conviction or sentence must be brought under 28 U.S.C. § 2255. Davis v. United States, 417 U.S. 333 (1974); Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002).  This is because § 2255 expressly prohibits a district court from entertaining a challenge to a prisoner's federal sentence under § 2241 unless the remedy under § 2255 is "inadequate or ineffective." [2]  See 28

---

[2] The "inadequate or ineffective" language was necessary because the Supreme Court held that "the substitution of a collateral remedy which is neither inadequate nor ineffective to test the legality of a person's detention does not constitute a suspension of the writ of habeas corpus."  Swain v. Pressley, 430 U.S. 372, 381 (1977).

U.S.C. § 2255.  Specifically, paragraph five of § 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255, ¶ 5; see Cradle v. U.S. ex rel. Miner, 290 F.3d 536 (3d Cir. 2002); In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997); Millan-Diaz v. Parker, 444 F.2d 95 (3d Cir. 1971); Application of Galante, 437 F.2d 1164 (3d Cir. 1971) (per curiam); United States ex rel. Leguillou v. Davis, 212 F.2d 681, 684 (3d Cir. 1954).

A § 2255 motion is inadequate or ineffective, authorizing resort to § 2241, "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim."  Cradle, 290 F. 3d at 538.  "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative."  Id.  The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements."  Id. at 539.

In In re Dorsainvil, 119 F.3d at 251, the United States Court of Appeals for the Third Circuit applied the "inadequate or ineffective" test to a § 2241 claim challenging a sentence on the basis of a change of substantive law that occurred after Dorsainvil's first § 2255 motion was decided.[3]  The Court of Appeals first determined that Dorsainvil could not raise the Bailey claim in a successive § 2255 motion because the AEDPA restricted successive § 2255 motions to constitutional claims. However, the court held that, under the narrow circumstances present, § 2255 was inadequate and ineffective:

> We do not suggest that § 2255 would be "inadequate or ineffective" so as to enable a second petitioner to invoke § 2241 merely because that petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255.  Such a holding would effectively eviscerate Congress's intent in amending § 2255.  **However, allowing someone in Dorsainvil's unusual position - that of a prisoner who had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate, even when the government concedes that such a change should be applied**

---

[3] Dorsainvil claimed that he was actually innocent of "use of a firearm" after the Supreme Court held in Bailey v. United States, 516 U.S. 137 (1995), that the crime, "use of a firearm," does not reach certain conduct.  The Supreme Court later ruled that the court's interpretation of the statute in Bailey applied retroactively under § 2255 to convictions that were final.  See Bousley v. United States, 523 U.S. 614 (1998).  "[D]ecisions of [the Supreme Court] holding that a substantive federal criminal statute does not reach certain conduct . . . necessarily carry a significant risk that a defendant stands convicted of 'an act that the law does not make criminal.'"  Id. at 620 (1998) (quoting Davis v. United States, 417 U.S. 333, 346 (1974)).

> **retroactively - is hardly likely to undermine the gatekeeping provisions of § 2255**.

<u>Dorsainvil</u> at 251 (emphasis added).[4]

Here, Petitioner argues that his 36-month sentence for possession of a firearm in furtherance of a drug trafficking crime was illegally made to run consecutively to his 96-month sentence for drug trafficking. It is clear that such a challenge to the sentence is within the scope of claims that are cognizable under § 2255. Therefore, this Court lacks jurisdiction under § 2241 to entertain Petitioner's claim unless § 2255 is inadequate or ineffective for him to raise it.

Although the decision in <u>United States v. Whitley</u>, 529 F. 3d 150 (2d Cir. 2008), was not announced until June 16, 2008, Petitioner may be able to raise the issue on direct appeal from his conviction if the United States District Court for the Eastern District of Pennsylvania grants the extension of time to appeal. In any event, § 2255 is not an inadequate or ineffective procedural mechanism for Petitioner to raise this claim. Section 2255 is not inadequate or ineffective where the sentencing court "could have entertained the prisoner's claim[s], inquired fully into the facts and granted the very relief the

---

[4] Several courts of appeals have adopted similar tests. <u>See</u> <u>Reyes-Requena v. United States</u>, 243 F.3d 893, 904 (5th Cir. 2001); <u>In re Jones</u>, 226 F.3d 328, 333-34 (4th Cir. 2000); <u>Wofford v. Scott</u>, 177 F.3d 1236, 1244 (11th Cir. 1999); <u>In re Davenport</u>, 147 F.3d 605, 611 (7th Cir. 1998); <u>Triestman v. United States</u>, 124 F.3d 361 (2nd Cir. 1997).

prisoner is seeking." United States ex rel. Leguillou v. Davis, 212 F.2d 681, 684 (3d Cir. 1954).  Moreover, § 2255 is not an inadequate or ineffective remedy because Petitioner's challenge to the consecutive nature of his sentence does not render possession of a firearm in furtherance of a drug trafficking crime non-criminal.  See Okereke v. United States, 307 F.3d 117, 120-21 (3d Cir. 2002) ("Unlike the intervening change in law in In re Dorsainvil that potentially made the crime for which that petitioner was convicted non-criminal, Apprendi dealt with sentencing and did not render conspiracy to import heroin, the crime for which Okereke was convicted, not criminal. Accordingly, under our In re Dorsainvil decision, § 2255 was not inadequate or ineffective for Okereke to raise his Apprendi argument").  Because § 2255 is not an inadequate or ineffective for Petitioner to raise his consecutive sentence argument, this Court accordingly lacks jurisdiction to entertain the claim under § 2241, and will dismiss the Petition for lack of jurisdiction.

### III.  CONCLUSION

The Court dismisses the Petition for lack of jurisdiction.


                                                   s/Renée Marie Bumb
                                                 **RENÉE MARIE BUMB**
                                                 **United States District Judge**


Dated:   August 11, 2008